Hon. F. A. Taylor, Page 2

"Please advise whether or not the special probate judge is to be paid on a per diem basis in accordance with the salary limits above stated, and if so paid, how is the per diem to be figured where some item of work is done on a probate case on several different days but only a very small portion of each day is taken up by the special judge in connection with the probate case.

"There are also several statutes which provide for the fees of the county judge which are collected from the estates administered. As you know these fees are now collected as provided for in said articles but instead of being paid to the county judge are paid into the officers' salary fund. It would appear to me that the easiest and most equitable way to pay the special county judge in probate cases would be to allow him the amount of the regularly earned fees which would be payable to a county judge who was not on a salary basis.

"I will appreciate you letting me have an opinion on same at your earliest convenience as I am withholding payment of several claims pending receipt of advise from you."

In Opinion No. O-4578, this department has heretofore ruled on a similar question regarding the compensation of a special probate judge appointed by the Governor in accordance with the provisions of Article 1932, Vernon's Annotated Civil Statutes. We enclose a copy of said opinion for your convenience.

In view of Article 1932, Vernon's Annotated Civil Statutes, it is our opinion that the special judge appointed by the Governor in probate cases is entitled to receive the same compensation per diem as the regular judge, for every day that such special judge serves in that capacity. In other words when the annual salary of the regular judge is Four Thousand Two Hundred and Fifty ($4,250.00) Dollars, the special judge, appointed by the Governor, serving in probate matters would be entitled to the same compensation per diem as the regular judge for each day that such special judge served in that capacity. To arrive at this amount the annual

Hon. F. A. Taylor, Page 3

salary of the regular judge at the time the special judge served should be divided by 365 and the quotient multiplied by the number of days actually served by the special judge.

You state in effect that the special judge does some work on a probate case on several different days but only a very small portion of each day is taken up by the special judge in connection with the probate case. By this statement it is apparent that you raise the question of whether or not the special judge should be compensated for his services for a full day where any substantial service is rendered when in fact the special judge works only a fraction of a day. Generally speaking the law does not recognize fractions of days; and when it provides a per diem compensation for the time necessarily devoted to the duties of an office, the officer is entitled to this daily compensation for each day on which it becomes necessary for him to perform any substantial official service, if he does perform the same, regardless of the time occupied in its performance. (See case of Dallas County vs. Reynolds, 199 S. W. 702).

Therefore, it is our opinion that the special judge would be entitled to the per diem compensation for each day on which it becomes necessary for him to perform any substantial official service, if he does perform the same regardless of the time occupied in its performance.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:FM
ncd
fo